IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PINE RUN CONSTRUCTION COMPANY : <br>     4125 Landisville Road : <br>     Doylestown, PA 18902 : <br>      : <br>                Plaintiff, : <br> v. : <br>      : <br> GREAT AMERICAN INSURANCE : <br> COMPANY, : <br>     301 E. Fourth Street, : <br>     Cincinnati, OH 45202 : <br>      : <br>                Defendant : | C.A. No. 2018-cv- <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Pine Run Construction Company ("Pine Run"), by its attorneys, Offit Kurman, PA, states the following Complaint against Defendant, Great American Insurance Company ("Great American"), and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for breach of contract and bad faith arising from Great American's refusal to provide a defense to Pine Run for a lawsuit filed against Pine Run and others in the Philadelphia Court of Common Pleas. Great American has refused fulfil its contractual duty to defend Pine Run in a lawsuit filed by Kevin Groff alleging bodily injury as a result of Pine Run's negligence. In addition, Great American is acting in bad faith because its refusal to defend is contrary to black letter Pennsylvania law and there is no reasonable basis for Great American's refusal.

1

## THE PARTIES

2.　　Pine Run Construction Company is a Pennsylvania corporation with its principal place of business at 4125 Landisville Road, Doylestown, PA 18902.

3.　　Upon information and belief, Great American Insurance Company is a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 301 E. Fourth Street, Cincinnati, OH 45202.

## JURISDICTION

4.　　This Court has jurisdiction under 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney's fees.

5.　　Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the cause of action arose in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

6.　　In October 2015, Pine Run was the general contractor on a construction project to build a fueling station for BJ's Wholesale Club, Inc., in Lansdale, Pennsylvania.

7.　　On October 22, 2015, Kevin Groff was allegedly injured by a single drum roller while working at the Lansdale construction site.

8.　　Mr. Groff claims that, when he dismounted the drum roller he had been operating in order to remove an electrical conduit from the roller's path, the roller moved forward and crushed his right leg,

9.　　On October 20, 2017, Mr. Groff filed suit against Pine Run and eighteen other defendants in the Philadelphia Court of Common Pleas. A copy of Mr. Groff's Complaint is attached as Exhibit "A".

10. On December 1, 2017, Mr. Groff filed a First Amended Complaint. A copy of Mr. Groff's First Amended Complaint is attached as Exhibit "B".

11. Count VI of Mr. Groff's First Amended Complaint sets forth a negligence claim against Pine Run, asserting that Pine Run breached its duty to, *inter alia*, provide Mr. Groff a safe place in which to work. *See* Exhibit "B" at ¶ 125-141.

12. Mr. Groff's First Amended Complaint asserts negligence, products liability, and breach of warranty claims against eighteen other defendants involved with the construction site and drum roller equipment.

13. Great American Insurance Company issued Pine Run its policy number 02-GL-000939989 with a policy period of September 20, 2015 – September 20, 2016 (the "Policy"). A copy of the Policy is attached as Exhibit "C".

14. The Policy provides commercial general liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* Exhibit "C" at page 28.

15. The Policy imposes on Great American a duty to defend Pine Run against any lawsuit seeking damages for bodily injury or property damage. *See* Exhibit "C" at page 28.

16. Pine Run timely notified Great American of the claim.

17. On December 21, 2017, Great American sent Pine Run a letter denying coverage for Mr. Groff's lawsuit. A copy of Great American's December 21, 2017 letter is attached as Exhibit "D".

18. Great American's December 21, 2017 denial letter states that Mr. Groff's lawsuit is not covered because the Policy contains an exclusion for Workers Compensation and Similar Laws and an exclusion for Employer's Liability. *See* Exhibit "D".

19. The Policy contains a Workers' Compensation and Similar Laws Exclusion precluding coverage for "any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." *See* Exhibit "C" at page 4.

20. Mr. Groff's Complaint does not seek to enforce any obligation of Pine Run under any workers' compensation, disability benefits, unemployment compensation, or similar law.

21. Mr. Groff's Complaint alleges that Pine Run is liable to him for his bodily injury under a theory of negligence.

22. Therefore, the Workers' Compensation and Similar Laws Exclusion does not apply to Mr. Groff's lawsuit.

23. The Policy also contains an Employer's Liability Exclusion for bodily injury to an employee of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business. *See* Exhibit "C" at page 29.

24. Mr. Groff was not an employee of Pine Run; he was an employee of a contractor working on the fueling station project. Neither the Complaint nor the First Amended Complaint allege that Mr. Groff was an employee of Pine Run.

25. Therefore, the Employer's Liability Exclusion does not apply.

26. On January 15, 2018, counsel for Pine Run wrote to Great American asking Great American to withdraw its coverage denial and fulfil its contractual duty to defend Pine Run against Mr. Groff's lawsuit.

27. On March 27, 2018, Great American's Claims Supervisor, Alycia Stevens, wrote to counsel for Pine Run stating that Great American was "currently seeking coverage counsel to review our position in order to provide formal response to you [sic] challenge". A copy of Ms. Stevens's March 27, 2018 e-mail is attached as Exhibit "E".

28.     On April 23, 2018, Great American responded to Pine Run's counsel's letter of January 15, 2018, stating that it maintained its coverage denial as outlined in its December 21, 2017 coverage denial letter.  A copy of Great American's April 23, 2018 letter is attached as Exhibit "F".

29.     Great American's April 23, 2018 correspondence does not state that it actually retained the services of an attorney to advise it on its coverage responsibilities.  *See* Exhibit "F".

30.     To date, Great American, despite having no reasonable basis to do so, continues to refuse to defend Pine Run in Mr. Groff's lawsuit.

31.     Great American's duties to Pine Run are controlled by Pennsylvania law because the Policy was issued in Pennsylvania, Pine Run's office is in Pennsylvania, and the alleged incident in Mr. Groff's lawsuit occurred in Pennsylvania.

32.     An insurer is required to defend the entire case brought against its insured when there is even a potential for a judgment that would be covered by the policy. *Donegal Mutual Ins. Co. v. Baumhammers*, 595 Pa. 147, 155, 938 A.2d 286, 290-91 (Pa. 2007).

33.     An insurer's duty to defend is based solely on comparing the allegations of the complaint to the terms and conditions of the policy.  *Id.* at 156, 291.

34.     If any claim in the complaint could result in a judgment covered by the Policy, Great American has a duty to defend Pine Run.

35.     The Complaint alleges negligence against Pine Run.

36.     A judgment against Pine Run for negligence would be covered under the Policy.

37.     Therefore, Great American has a duty to defend Pine Run against Mr. Groff's lawsuit.

38. In its December 21, 2017 letter, Great American claimed that "Groff was acting in the scope and course of subcontracted work at this project at time of accident, meaning he would be considered a statutory employee of Pine Run." *See* Exhibit "D" at page 2.

39. Great American's claim that Pine Run is a "statutory employer" under workers' compensation law is a defense to Pine Run's liability in the underlying case, not a defense to its own duty to defend Pine Run.

40. Under Pennsylvania workers' compensation law, a contractor who subcontracts part of a contract is considered a statutory employer of an employee of the subcontractor who sustains a workplace injury if the subcontractor fails to secure workers' compensation benefits. *See* 77 P.S. § 52, 77 P.S. § 461.

41. Pennsylvania's workers' compensation law makes workers' compensation benefits the exclusive remedy an injured employee may seek against its employer, thus a statutory employer has immunity from suit. *See* 77 P.S. § 303(a).

42. If Pine Run is found to be a statutory employer of Mr. Groff, Pine Run may claim statutory immunity as a defense to Mr. Groff's lawsuit.

43. However, this does not create an allegation in the Groff Complaint that Pine Run was Mr. Groff's employer and, in any event, even if Pine Run is successful in defending the case as Mr. Groff's statutory employer, the employer's liability exclusion does not apply because, in accordance with Pennsylvania Supreme Court precedent, it applies only to Mr. Groff's actual employer.

44. Moreover, the fact that Pine Run has a potential defense to Mr. Groff's claim does not relieve Great American of its duty to defend Pine Run.

## COUNT I – BREACH OF CONTRACT

45. Paragraphs 1 through 44 are incorporated by reference.

46. In exchange for the premium Pine Run paid, Great American agreed to pay all sums Pine Run becomes legally obligated to pay as damages because of "bodily injury" occurring between September 20, 2015 and September 20, 2016, and to defend Pine Run against any suit seeking those damages. *See* Exhibit "C".

47. Mr. Groff's lawsuit against Pine Run is a claim for damages for "bodily injury".

48. By refusing to defend Pine Run, Great American has breached its contractual obligations under the Policy.

49. As a result of Great American's breach of contract, Pine Run has been forced to retain defense counsel at its own expense.

50. Because Great American has refused to provide a defense as it promised in the Policy, Pine Run has been forced to file this suit to protect its rights.

WHEREFORE, Plaintiff, Pine Run Construction Company demands that judgment be entered against Defendant Great American Insurance Company in an amount in excess of $150,000 to fully compensate Pine Run for the damages it has and will continue to suffer as a result of Great American's breach of contract, plus interest and costs.

## COUNT II – BAD FAITH

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. Great American denied coverage for Mr. Groff's lawsuit against Pine Run without any reasonable basis, even after counsel for Pine Run explained Great American's duty to defend.

53. Great American breached its duty of good faith and fair dealing and violated 42 Pa.C.S. § 8371 in at least the following ways:

> a. Knowingly and intentionally disregarding Pennsylvania law on an insurer's duty to defend as set forth by the Pennsylvania Supreme Court in, for example, *Donegal Mutual Ins. Co. v. Baumhammers*, 595 Pa. 147 (2007);
>
> b. Knowingly and intentionally relying on a potential defense to Mr. Groff's underlying lawsuit and ignoring the allegations of the Groff Complaints when refusing to fulfill its duty to defend Pine Run;
>
> c. Relying on the Workers Compensation exclusion as a basis to deny coverage when Mr. Groff made no claim even remotely subject to that exclusion in his Complaint so that Great American knew or should have known that it had no reasonable basis to rely on that exclusion to deny coverage;
>
> d. Relying on the Employer's Liability exclusion as a basis to deny coverage when Mr. Groff made no claim even remotely subject to that exclusion in his Complaint so that Great American knew or should have known that it had no reasonable basis to rely on that exclusion to deny coverage, particularly when there is Pennsylvania Supreme Court precedent which establishes taht any such reliance was without any basis, much less a reasonable basis;
>
> e. Misrepresenting that it would retain coverage counsel to examine Pine Run's claim in its March 27, 2018 email;
>
> f. Either failing to seek coverage counsel to determine its responsibilities to Pine Run, or disregarding coverage counsel's advice to withdraw its coverage denial;
>
> g. Forcing Pine Run to file suit to obtain policy benefits; and
>
> h. Such other bad faith conduct as will be revealed during the course of discovery.

54. By virtue of Great American's breach of its duty of good faith and fair dealing and acting in contravention of 42 Pa.C.S. § 8371, Great American is liable to Pine Run for any compensatory damages as allowed under *Birth Centers v. St. Paul*, 567 Pa. 386, 787 A.2d 376 (2001), and the damages allowed under 42 Pa.C.S. § 8371, including enhanced interest, punitive damages, and attorney fees.

WHEREFORE, Plaintiff, Pine Run Construction Company, demands that judgment be entered in its favor in an amount in excess of $75,000 for compensatory damages, plus an amount in excess of $75,000 in punitive damages, plus interest, costs, and attorney's fees.

**OFFIT KURMAN**

BY: _/s/ Megan K Shannon_
JAY M. LEVIN
PA Attorney ID: 34561
MEGAN K. SHANNON
PA Attorney ID: 319131
Ten Penn Center, Suite 2300
1801 Market Street
Philadelphia, PA 19103
Telephone: 267-338-1300
Email: jlevin@offitkurman.com
       mshannon@offitkurman.com

4849-0184-8940, v. 2